G. C. BARKLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. P. LINCOLN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24352, 24354.   Promulgated May 2, 1930.

*George S. Atkinson, Esq.*, and *Luke B. Garvin, C. P. A.*, for the petitioners.
*R. W. Wilson, Esq.*, for the respondent.

856

OPINION.

MARQUETTE: The parties to this proceeding have stipulated that the Lincoln Tank Co. is entitled to have its excess-profits taxes for the years 1918 and 1919 computed under the provisions of sections 327 and 328 of the Revenue Act of 1918, and that the correct tax liability of the company is $7,155.83 for 1918; $85,437.30 for 1919; and $427.47 for 1920, of which there remains unpaid $5,696.32 for 1918, $47,539.65 for 1919, and $427.47 for 1920.

The respondent has asserted the liabilities in question against the petitioners under authority of section 280 of the Revenue Act of 1926, which provides:

SEC. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

(2) The liability of a fiduciary under section 3467 of the Revised Statutes in·respect of the payment of any such tax from the estate of the taxpayer. Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

\* \* \* \* \* \* \*

It is apparent from the record that these proceedings can not be maintained as to the years 1918 and 1919. The return of the Lincoln Tank Co. for the year 1918 was filed on June 15, 1919, and the final return for the year 1919 was filed on May 15, 1920. The five-year periods for assessment and collection against and from the Lincoln Tank Co. provided by section 250 (d) of the Revenue Act of 1918 and by subsequent revenue acts, expired on June 14, 1924, and May 14, 1925, respectively. The taxes for 1918 were assessed against the Lincoln Tank Co. in September, 1926. Part of the taxes for 1919 was assessed on March 25, 1920, and the remainder was assessed in September, 1926. The assessments for 1918 and 1919 made in September, 1926, are clearly invalid and without any force or effect, in that they were made more than five years after the returns for those years were filed. The assessment of March 25, 1920, was timely but the five-year period for collection of the taxes so assessed expired on May 14, 1925. Proceedings were not instituted against these petitioners under section 280 of the Revenue Act of 1926 until August 30, 1926, and at that time the period of limitation provided by section 280 had expired. The petitioners are not liable for the taxes of the Lincoln Tank Co. for the years 1918 and 1919.

The return of the Lincoln Tank Co. for 1920 was filed on March 15, 1921. The five-year period for assessment and collection of the tax expired on March 14, 1926, which was subsequent to the effective date of the Revenue Act of 1926. The assessment made by the respondent against the Lincoln Tank Co. in September, 1926, is clearly invalid in that it was made after the five-year period for assessment had expired.

However, the letters herein were mailed to the petitioners on August 30, 1926, which was " within one year after the expiration of the period of limitation for assessment against the taxpayer." The statute of limitation, therefore, has not run against the petitioners as to the year 1920. *Angier Corporation*, 17 B. T. A. 1376.

We are not satisfied, however, that the petitioners are liable for any taxes due from the Lincoln Tank Co. Under section 602 of the Revenue Act of 1928 the burden is upon the respondent to show such liability on the part of the petitioners. We are unable to perceive that this burden has been met. The evidence establishes that the petitioners received assets of the Lincoln Tank Co. and that they also assumed and paid liabilities of that company that exceeded the value of the assets. Under the circumstances they in reality received nothing, and we think the situation comes within the scope of the decision of this Board in *Fostoria Milling & Grain Co.*, 11 B. T. A. 1401.

*Judgment will be entered for the petitioners.*